## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| RAJA D. QUINN and FAWAZ MUMTAZ, | ) | **JURY TRIAL DEMANDED** |
| individually and d/b/a WHOLESALE | ) | |
| OUTLET, a/k/a RAJA DEJOURN FASHIONS | ) | |
| & FAWAZ MUMTAZ RETAIL OUTLET, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach" or "Plaintiffs"), through their undersigned counsel, for their Complaint against Defendants Raja D. Quinn and Fawaz Mumtaz, individually and d/b/a Wholesale Outlet, a/k/a Raja Dejourn Fashions & Fawaz Mumtaz Retail Outlet (hereinafter collectively referred to as "Defendants"), allege as follows:

### Nature of Action

1.     This is an action for trademark infringement and counterfeiting under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, and 1125(a)); trademark infringement, unfair competition and unjust enrichment under Nebraska common law; unfair competition under the Nebraska Consumer Protection Act (N.R.S. §§ 59-1601 to 59-1622); and deceptive trade practices under the Nebraska Uniform Deceptive Trade Practices Act (N.R.S. §§ 87-301 to 87-306).

### Jurisdiction and Venue

2.     Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331

(actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over the Defendants because they do business and/or reside in the State of Nebraska.

4.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(a) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

### Parties

5.     Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

6.     Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida.

7.     Upon information and belief, Raja D. Quinn (also known as Raja Dejourn and Raja Quin) is a resident of Nebraska and/or Ohio, residing at 4819 N. 47th Street, Omaha, Nebraska and/or 2936 Colerain Avenue, Cincinnati, Ohio.

8.     Upon information and belief, Fawaz Mumtaz (also known as Fawaz Mohammed Mumtaz, Fawaz M. Mumtaz, Sawaz Mumtaz, and Fawaz Mohammedmumtaz) is a resident of Nebraska and/or Illinois, residing at 6404 N. Oakley Avenue, Apt. 204, Chicago, Illinois, and previously residing at 7268 Pinkney Street, Omaha, Nebraska.

2

9.      Upon information and belief, Wholesale Outlet a/k/a Raja Dejourn Fashions & Fawaz Mumtaz Retail Outlet is or purports to be a domestic Nebraska corporation with its principal place of business located at 5021 S. 24th Street, Omaha, Nebraska.

10.     Upon information and belief, at all times relevant, Raja D. Quinn and Fawaz Mumtaz are or purport to be the owners/members and operators of and conduct business through Wholesale Outlet, a/k/a Raja Dejourn Fashions & Fawaz Mumtaz Retail Outlet, with its principal place of business located at 5021 S. 24th Street, Omaha, Nebraska.

11.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

### The World Famous Coach Brand and Products

12.     Coach was founded more than seventy (70) years ago as a family-run workshop in Manhattan. Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories, eyewear, footwear, jewelry and watches. Coach sells its goods through its own specialty retail stores, department stores, catalogs, and via an Internet website www.coach.com throughout the United States, including Nebraska.

13.     Coach has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint (collectively, the "Coach Marks").

3

14.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks. As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Coach, and have acquired strong secondary meaning. Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding four and one-half billion dollars ($4,500,000,000).

### The Coach Trademarks

15.     Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
| --- | --- | --- | --- | --- |
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, cellular phone cases satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | August 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 14 for Leather Goods, namely, Utility Kits, Portfolios, Key Cases, Comb Cases, Pass Cases, Money Clips, Billfolds, Wallets, Pocket Secretaries, Stud Cases, Jewel Cases, and Leather Book Covers. | June 23, 1963 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,451,168 | COACH | 9 for eyeglasses. | May 15, 2001 | COACH |
| 4,105,689 | COACH | 9 for sunglasses. | February 25, 2012 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* clothing for men, women and children namely, coats, jackets, overcoats, raincoats, shirts, vest, scarves, shoes and belts. | March 9, 1999 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 4,168,626 | COACH NEW YORK | 18, 25 for briefcases, satchels, tote bags, duffle bags, key cases, coin cases, wallets, hats, caps, gloves, coats, jackets, vests, shirts, overcoats, raincoats, scarves, ties, shoes and belts. | July 3, 2012 | COACH NEW YORK |
| 4,296,584 | COACH NEW YORK | 9, 16 for cases for eyeglasses and sunglasses, sunglasses and spectacles, calendars and diaries | February 26, 2013 | COACH NEW YORK |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14 for jewelry | April 15, 2008 | *Coach est. 1941* |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 for retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* watches. | November 9, 1999 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women, namely, coats, jackets, scarves, shoes, and belts. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, computer cases, briefcases, satchels, duffel bags, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods, namely, wallets, handbags and shoulder bags. | December 19, 1984 | COACH |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | COACH |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 |  |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 |  |
| 2,832,589 | CC & DESIGN (Signature C) | 6, 9, 14, 18, for *inter alia* sunglasses and eye glass cases, leather goods, metal key fobs, leather key fobs jewelry, watches, umbrellas | April 13, 2004 |  |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing namely, scarves, belts, gloves, hats, shoes, coats, jackets. | July 9, 2002 |  |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services. | March 16, 2004 |  |
| 4,365,898 | COACH Signature C Design | 9 for Protective covers and cases for cell phones, laptops and portable media players | July 9, 2013 |  |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, wallets, umbrellas, fabrics for the use in manufacturing clothings, shoes and handbags and clothing namely scarves, hats, caps and shoes. | November 8, 2005 |  |
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 |  |
| 4,365,899 | COACH OP ART | 9 for Protective covers and cases for cell phones, laptops and portable media players | July 9, 2013 |  |
| 4,105,636 | COACH OP ART | 14, 18, 25 for Jewelry, watches, wallets, handbags, belts, hats, scarves, shoes, coats, gloves and t-shirts. | February 28, 2012 |  |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* handbags, wallets, umbrellas, hats, scarves, belts, coats, shoes and fabrics for the manufacturing of clothing, shoes and handbags. | October 13, 2009 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,391,741 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 3 for After-shave; Body lotions; Fragrances; Make-up; Perfumes; Soaps for personal use | August 27, 2013 | |
| 4,296,582 | COACH EST. 1941 NEW YORK | 14,16,18 and 25 for jewelry and watches, handbags, leather credit card cases, purses, shoulder bags, wallets, belts, coats, t-shirts, hats, gloves, shoes, day planners. | February 26, 2013 | |
| 4,359,191 | COACH EST. 1941 NEW YORK | 9 for Protective covers and cases for cell phones, laptops and portable media players. | June 25, 2013 | |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets, coats and shoes. | June 12, 2007 | |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks, purses, wallets, and shoulder bags. | November 11, 2007 | |
| 3,149,330 | C & LOZENGE LOGO | 14 for watches. | September 26, 2006 | |
| 2,162,303 | COACH & TAG DESIGN | 25 for belts. | June 2, 1998 | |

10

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,334,351 | COACH & TAG | 9 for Protective covers and cases for cell phones, laptops and portable media players. | May 14, 2013 |  |
| 3,685,590 | COACH & TAG | 14 for Bracelets; Earrings; Jewelry; Necklaces; Rings being jewelry; Watches | September 22, 2009 |  |
| 2,088,707 | COACH & TAG DESIGN | 18 for briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, luggage. | August 19, 1997 |  |
| 3,908,558 | POPPY | 9 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |

16.     These registrations are valid, subsisting, in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.[1]

17.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

18.     The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

19.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

20.     The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

**Defendants' Acts of Infringement and Unfair Competition**

21.     Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks (hereinafter referred to as the "Infringing Products"). Defendants' specific conduct includes, among other things:

A.     On or about October 10, 2015, an Investigator for Coach ("the Investigator") entered Wholesale Outlet a/k/a Raja Dejourn Fashions & Fawaz Mumtaz Retail Outlet at 5021 S. 24th Street, Omaha, Nebraska (the "Store").

B.     Upon entering the Store, the Investigator noticed a number of items bearing certain Coach Marks being advertised and offered for sale.

C.     From among the items bearing certain Coach Marks being advertised and offered for sale by the Defendants, the Investigator purchased one pair of sunglasses bearing Coach Marks at a cost of thirty-five dollars ($35.00).

D.     Based on training and experience, venue, price point, lack of legitimate hangtags as well as overall quality of the materials, the Investigator determined the items are counterfeit.

22.     At all times pertinent to this matter, Defendants have advertised and promoted to the public the availability of counterfeit merchandise at Wholesale Outlet a/k/a Raja Dejourn Fashions & Fawaz Mumtaz Retail Outlet for the purpose of driving consumers to their business.

23.     Upon information and belief, Defendants use the electronic media to promote, advertise and otherwise solicit customers for purposes of selling, *inter alia*, Infringing Products.

24.     Defendants are well aware of the extraordinary fame and strength of the Coach brand and the Coach Trademarks, and the incalculable goodwill associated therewith.

25.     Defendants have no license, authority, or other permission from Coach to use any of the Coach Trademarks in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

26.     Defendants have been engaging in the above-described illegal counterfeiting and infringing activities negligently and/or knowingly and intentionally with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

27.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

28.     Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products.

29.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

## COUNT I
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

30.     Coach repeats and realleges the allegations set forth in paragraphs 1 - 29.

31.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

32.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

33.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

34.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

35.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

36.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

37.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

38.     Coach repeats and realleges the allegations set forth in paragraphs 1 - 29.

39.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

40.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

41.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

42.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

43.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

44.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

45.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT III
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

46.     Coach repeats and realleges the allegations set forth in paragraphs 1 - 29.

47.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is

likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

48.     The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and misrepresentations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

49.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

50.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

51.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IV
## (Common Law Trademark Infringement)

52.     Coach repeats and realleges the allegations set forth in paragraph 1 - 29.

53.     Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

54.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Coach Trademarks.

55.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

16

56.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

57.     Defendants' acts constitute trademark infringement in violation of the common law of the State of Nebraska.

58.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

59.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

60.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT V
### (Violation of the Nebraska Consumer Protection Act)

61.     Coach repeats and realleges the allegations set forth in paragraphs 1 - 29.

62.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, substantially indistinguishable from, and confusing similar to the Coach Trademarks.

63.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, or sponsored by, or endorsed by Coach.

64.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

65.     The foregoing acts of Defendants constitute counterfeiting, trademark infringement, and similar activities which deceive consumers as to the source, quality, or origin of goods in violation of the Nebraska Consumer Protection Act.

66.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

67.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

68.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

69.     Pursuant to N.R.S. § 59-1609, Coach is entitled to an award of its costs and reasonable attorneys' fees.

## COUNT VI
### (Violation of the Nebraska Uniform Deceptive Trade Practices Act, §§ 87-301 - 87-306))

70.     Coach repeats and realleges the allegations set forth in paragraphs 1 - 29.

71.     The foregoing acts of the Defendants constitute deceptive trade practices in or affecting commerce in violation of the Nebraska Uniform Deceptive Trade Practices Act.

72.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

73.     Upon information and belief, Defendants intend to continue their deceptive trade practices, unless restrained by this Court.

74.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

75.     Pursuant to N.R.S. § 87-303, Coach is entitled to an award of its costs and reasonable attorneys' fees.

## COUNT VII
### (Common Law Unfair Competition)

76.    Coach repeats and realleges the allegations set forth in paragraphs 1 - 29.

77.    The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Nebraska.

78.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

79.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

80.    Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VIII
### (Unjust Enrichment)

81.    Coach repeats and realleges the allegations set forth in paragraphs 1 - 29.

82.    The acts complained of above constitute unjust enrichment of Defendants at Coach's expense, in violation of the common law of the State of Nebraska.

## COUNT IX
### (Piercing the Corporate Veil against Raja D. Quinn)

83.    Coach repeats and realleges the allegations set forth in paragraphs 1 - 29.

84.    Raja D. Quinn is in the business of defrauding Coach and consumers by manufacturing, advertising, marketing, distributing, offering for sale, and/or selling counterfeit merchandise as set forth above.

85.    Raja D. Quinn is a member and/or officer of Wholesale Outlet a/k/a Raja Dejourn Fashions & Fawaz Mumtaz Retail Outlet and controls Wholesale Outlet a/k/a Raja Dejourn Fashions & Fawaz Mumtaz Retail Outlet.

86.     Wholesale Outlet a/k/a Raja Dejourn Fashions & Fawaz Mumtaz Retail Outlet is a mere instrumentality through which Raja D. Quinn perpetrates the acts of counterfeiting, fraud, and infringement alleged in this Complaint.

87.     The advantages and protections afforded officers, directors, and members of a limited liability company under Nebraska law do not apply when the limited liability company is used to facilitate criminal or fraudulent activities.

88.     For the foregoing reasons, Raja D. Quinn is liable for the activities of Wholesale Outlet a/k/a Raja Dejourn Fashions & Fawaz Mumtaz Retail Outlet, as well as for any activities undertaken in her personal capacity.

## COUNT X
### (Piercing the Corporate Veil against Fawaz Mumtaz)

89.     Coach repeats and realleges the allegations set forth in paragraphs 1 - 29.

90.     Fawaz Mumtaz is in the business of defrauding Coach and consumers by manufacturing, advertising, marketing, distributing, offering for sale, and/or selling counterfeit merchandise as set forth above.

91.     Fawaz Mumtaz is a member and/or officer of Wholesale Outlet a/k/a Raja Dejourn Fashions & Fawaz Mumtaz Retail Outlet and controls Wholesale Outlet a/k/a Raja Dejourn Fashions & Fawaz Mumtaz Retail Outlet.

92.     Wholesale Outlet a/k/a Raja Dejourn Fashions & Fawaz Mumtaz Retail Outlet is a mere instrumentality through which Fawaz Mumtaz perpetrates the acts of counterfeiting, fraud, and infringement alleged in this Complaint.

93.     The advantages and protections afforded officers, directors, and members of a limited liability company under Nebraska law do not apply when the limited liability company is used to facilitate criminal or fraudulent activities.

94.    For the foregoing reasons, Fawaz Mumtaz is liable for the activities of Wholesale Outlet a/k/a Raja Dejourn Fashions & Fawaz Mumtaz Retail Outlet, as well as for any activities undertaken in his personal capacity.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against the Defendants as follows:

E.    Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (ii) Defendants have engaged in trademark infringement and unfair competition under the common law of Nebraska; (iii) Defendants have engaged in counterfeiting, trademark infringement and deceptive practices in violation of the Nebraska Consumer Protection Act; (iv) Defendants have engaged in deceptive trade practices in violation of the Nebraska Uniform Deceptive Trade Practices Act; and (v) Defendants have been unjustly enriched in violation of Nebraska common law;

F.    Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with her from:

1.    Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks and/or the Coach design elements, or any other mark substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks; or

2.       Engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations associated with Coach;

G.       Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

H.       Requiring Defendants to file with this Court and serve on Coach within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

I.       Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

J.       Awarding Coach statutory damages of two million dollars ($2,000,000) per counterfeit mark, per type of counterfeit good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, and at Coach's request, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

K.       Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

H.     Awarding Coach its costs and attorneys' fees under Nebraska's Consumer Protection Act and Uniform Unfair Deceptive Trade Practices Act;

I.     Awarding Coach its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

J.     Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and,

K.     Awarding Coach such additional and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Dated: June 13, 2016

Respectfully submitted,

BRYAN CAVE LLP

By: /s/ Patrick McKey
Patrick McKey
161 N. Clark Street, Suite 4300
Chicago, IL 60601
Tel: (312) 602-5000
Fax: (312) 602-5050
patrick.mckey@bryancave.com

and

Jason A. Kempf, Esq.
Ambika Behal, Esq.
*pro hac vice to be filed*
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
jason.kempf@bryancave.com
ambika.behal@bryancave.com

*Attorneys for Coach, Inc.
and Coach Services, Inc.*

23