IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC. | |
| | 8:16-CV-338 |
| Plaintiffs, | |
| vs. | MEMORANDUM AND ORDER |
| RAJA D. QUINN, d/b/a WHOLESALE OUTLET, a/k/a RAJA DEJOURN FASHIONS & FAWAZ MUMTAZ RETAIL OUTLET, | |
| Defendant. | |

This mater is before the Court on the motion for attorney's fees (filing 60) filed by the plaintiffs, Coach and Coach Services (collectively, Coach). Coach requests fees in the amount of $39,369.50. Filing 60 at 1. That amount represents 105.1 hours of work by Coach's attorneys at an hourly rate ranging from $205.00 to $610.00 per hour. Filing 60-1 at 3. Coach also seeks to recover nontaxable costs in the amount of $1,696.10. Filing 60-1 at 3.[1]

Under the Lanham Act, a prevailing plaintiff is entitled, subject to the principles of equity, to recover the costs of the action. 15 U.S.C. § 1117(a)(3). In addition, in "exceptional cases," a court may award reasonable attorney's fees to the prevailing party. *Id.*; *see, B & B Hardware, Inc. v. Hargis Indus., Inc.*, 716 F.3d 1020, 1027 (8th Cir. 2013); *First Nat. Bank in Sioux Falls v. First Nat. Bank S.D.*, 679 F.3d 763, 771 (8th Cir. 2012). Where a defendant's conduct was willful and deliberate, a court may well determine that it is the type of

---

[1] Taxable costs of $400 have already been taxed to the defendant. Filing 64.

exceptional case for which an award of attorney's fees is appropriate. *First Nat. Bank*, 679 F.3d at 771. In addition, the UDTPA provides that costs shall be allowed to a prevailing party and that attorney's fees may be allowed if the party charged with a deceptive trade practice has willfully engaged in the trade practice knowing it to be deceptive. Neb. Rev. Stat. § 87-303.[2]

The Court has already indicated that the defendant's conduct is willful. *See* filing 40 at 8. The Court further finds that this is an exceptional case warranting an award of fees: Coach has incurred its costs and attorney's fees advancing a claim to which the defendant has raised no viable defense. Accordingly, the Court will award costs and attorney's fees.

In assessing the reasonableness of the requested attorney's fees, the Court considers the hours reasonably expended on the litigation, as well as the reasonable hourly rate, to provide an objective basis to estimate the value of the services rendered. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). And Out-of-pocket litigation costs are generally recoverable if they are necessary for the representation of the client. *Tri-Star Pictures, Inc. v. Unger*, 42 F. Supp. 2d 296, 306 (S.D.N.Y. 1999).

The Court has examined the plaintiff's evidence of costs and attorney's fees, carefully considering the amount and the extent to which the evidence explains their necessity and reasonability. *See Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC.*, 553 F. Supp. 2d 201, 210 (E.D.N.Y. 2008); *see also Thelen Oil Co. v. Fina Oil & Chem. Co.*, 962 F.2d 821, 824 (8th

---

[2] The Court recognizes that there is some uncertainty whether an award of attorney's fees is available under § 1117(a) when the plaintiff opts for statutory damages under § 1117(c). *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 104-111 (2d Cir. 2012). The better-reasoned view, the Court finds, is that they are. *Id.* at 111. But attorney's fees are available in this case regardless, under the UDTPA.

Cir. 1992). The Court concludes, under the applicable circumstances, that an award of $7,500.00 for attorney's fees and nontaxable costs is fair and reasonable.

IT IS ORDERED:

1. Coach's motion for nontaxable costs and attorney's fees (filing 60) is granted.

2. The Court awards nontaxable costs and attorney's fees in the amount of $7,500.00.

Dated this 1st day of August, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge